UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Matthew Millen | | Geoffrey Wilson |

**Proceedings:** **Defendant United States of America's Motion to Dismiss** (filed 8/4/2008)

## I. INTRODUCTION AND BACKGROUND

Plaintiff filed the instant action on May 6, 2008 against the United States of America and against Does 1 through 10, agents of Immigration and Customs Enforcement ("ICE") and/or the Department of Homeland Security ("DHS").

In his complaint, plaintiff, a citizen of Mexico, alleges that he entered the United States without inspection on or about May 3, 2006, and was arrested by DHS agents on or about May 11, 2006 on the ground that he was an alien present in the United States without admission or parole. Compl. ¶¶ 6-7. Plaintiff alleges that he was kept in custody for four days before he was charged and served with a warrant on May 15, 2006. Compl. ¶ 8. Plaintiff alleges that he agreed to waive his right to a hearing and agreed to be removed without a hearing.[1] Compl. ¶ 8. Plaintiff alleges that on May 15, 2006, he was nevertheless served with a Notice to Appear before an Immigration Judge. Compl. ¶ 8. Plaintiff alleges that on May 15, 2006, he waived his right to a 10-day waiting period before a hearing, and requested an immediate removal hearing. Compl. ¶ 9. Plaintiff alleges that he was incarcerated in Mira Loma Detention Center until June 15, 2006, when he was taken before an Immigration Judge. Compl. ¶ 10.

---

[1] In his opposition, plaintiff clarifies that he requested voluntary departure in lieu of a removal hearing. Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

    Plaintiff claims that defendant is liable for false imprisonment and negligence under the Federal Tort Claims Act, alleging that his detention violated his rights to a speedy trial and due process of law. Compl. ¶¶ 11-21. Plaintiff also brings a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) against defendants Does 1 through 10, arguing that they violated his Fourth Amendment right to be free from unreasonable detention and his Fifth Amendment right to due process. Compl. ¶¶ 22-23.

    On August 4, 2008, defendant United States of America filed the instant motion to dismiss. On August 29, 2008, plaintiff filed his opposition. A reply was filed on September 5, 2008. The Court finds and concludes as follows.

**II.   LEGAL STANDARD**

    **A.   LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)**

    A motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

    The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See id.

**B.     MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

### A.   LACK OF SUBJECT MATTER JURISDICTION

Defendant argues that 8 U.S.C. § 1252(g) ("§ 1252(g)") divests the Court of subject matter jurisdiction to hear plaintiff's claim. Mot. at 3. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act]."

Plaintiff does not dispute that he is not a citizen or national of the United States, and therefore is an "alien" for purposes of § 1252(g). See Compl. ¶ 4; 8 U.S.C. § 1101(a)(3). Therefore, the question of whether the Court has jurisdiction revolves around whether plaintiff's detention arose out of a decision to "commence proceedings, adjudicate cases, or execute removal orders" against plaintiff. See 8 U.S.C. § 1252(g).

Defendant argues that plaintiff's claims fall within § 1252(g), because the decision to detain plaintiff arose from a decision to commence removal proceedings against him. Mot. at 1. In support of this argument, defendant cites Sissoko v. Rocha, in which the court held that § 1252(g) divested it of jurisdiction over plaintiff's false arrest claim. 509 F.3d 947, 950 (9th Cir. 2007). In Sissoko, 509 F.3d 947, 949 (9th Cir. 2007), defendant immigration officer ordered plaintiff detained after instituting expedited removal procedures against him. Id. The court held that, because plaintiff's detention arose from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

the decision of the immigration officer to institute expedited removal proceedings against plaintiff, § 1252(g) applied and therefore the court lacked subject matter jurisdiction.

Plaintiff, however, argues that his claim is not barred from judicial review, because his claim does not involve a challenge to "prosecutorial discretion to institute removal proceedings." Opp'n at 9-10. In United States v. Hovesepian, 359 F.3d 1144, 1155 (9th Cir. 2004) the court held that 1252(g) "was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." (quoting Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482 (1999)). The court therefore stated that § 1252(g) should only apply to the three listed decisions or actions – "commence proceedings, adjudicate cases, or execute removal orders" – and, in contexts other than discretionary decisions, should be interpreted narrowly. Id.

Plaintiff argues that he is not challenging defendant's discretionary decision to have him appear before an Immigration Judge, nor is he challenging the decision of the Immigration Judge at his hearing on June 15, 2006. Opp'n at 9. Instead, plaintiff argues, he is challenging defendant's decision to detain him for a month, rather than grant him immediate voluntary departure. Opp'n at 8-9. This decision, he argues, does not fall within the discretionary decisions enumerated in § 1252(g), and therefore, plaintiff's claim is not barred from judicial review. Opp'n at 8-9.

However, plaintiff's argument is not convincing. First, the decision of whether or not to grant voluntary departure is, in fact, a discretionary decision. Voluntary departure is governed by 8 U.S.C. § 1229c ("§ 1229c"). Under § 1229c(a)(1), "the Attorney General *may* permit an alien voluntarily to depart the United States at the alien's own expense . . . in lieu of being subject to proceedings under section 240 or prior to completion of such proceedings." (emphasis added). In Tovar-Landin v. Ashcroft, 361 F.3d 1164, 1167 (9th Cir. 2004), the court held that voluntary departure "is a form of discretionary relief," and that aliens have "no fundamental right to discretionary relief from removal."[2]

---

[2] In his opposition, plaintiff attempts to distinguish Tovar-Landin on the ground that it involved discretion to grant voluntary departure at the end of removal proceedings, whereas the instant case involves failure to grant voluntary departure before removal proceedings had commenced. See Opp'n at 12. However, there is no indication, either

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

    Second, when defendant exercised its discretion to deny plaintiff's request for immediate voluntary departure, but instead issued plaintiff a Notice to Appear before an Immigration Judge, defendant "commence[d] removal proceedings" against plaintiff. See 8 U.S.C. § 1252(g).³ It follows that the decision to detain plaintiff until his hearing before the Immigration Judge arose from this decision to commence proceedings. See id. As a result, under § 1252(g), the Court lacks subject matter jurisdiction over plaintiff's claim. See id.

    Finally, § 1229c(f) provides an additional basis for determining that the Court lacks subject matter jurisdiction over plaintiff's claim. Section 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . ." Because plaintiff's false imprisonment and negligence claims are essentially a challenge to defendant's failure to grant plaintiff's request for voluntary departure, the claims are not reviewable by this Court.

    Therefore, plaintiff does not meet his burden of proof in showing that the Court has jurisdiction to hear his claims for false imprisonment and negligence. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).⁴

---

from plaintiff's opposition or the statute, that the decision of whether to grant voluntary departure is any less discretionary prior to the commencement of proceedings compared to after.

   ³ Plaintiff also argues that his detention between May 11, 2006 (the date of his arrest) and May 15, 2006 (the date he was issued the Notice to Appear) violated his constitutional rights. Opp'n at 6. It is less clear whether these four days of his detention arose from a decision to "commence proceedings" against plaintiff, as no Notice to Appear had yet been issued. Therefore, notwithstanding § 1252(g), the Court may have jurisdiction over claims related to plaintiff's detention during this four-day period. Nevertheless, as discussed in part III.B *infra*, plaintiff fails to state a claim for relief regarding this period of his detention.

   ⁴ Defendant also argues that § 1252(g) divests the Court of jurisdiction over plaintiff's Bivens claim against Does 1 through 10. Reply at 4. The Court finds that defendant may lack standing to challenge plaintiff's Bivens claim, but nevertheless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

**B.   FAILURE TO STATE A CLAIM**

Even if this Court has jurisdiction over plaintiff's claims, plaintiff nevertheless fails to state a claim upon which relief can be granted.

Plaintiff challenges two specific aspects of his detention. First, plaintiff argues that his constitutional rights were violated when he was detained between May 11, 2006 (the date of his arrest) and May 15, 2006 (the date when he was served with an arrest warrant and a Notice to Appear), without notice of the reason for his detention. Opp'n at 10. Second, plaintiff argues that his rights were violated when he was detained between May 15, 2006 (the date when he was served with an arrest warrant and a Notice to Appear) and June 15, 2006 (the date when he appeared before an Immigration Judge).[5]

With regard to plaintiff's detention between May 11, 2006 and May 15, 2006, 8 U.S.C. § 1357(a)(2) empowers immigration officers to make warrantless arrests of aliens they believe to be in the United States illegally, but states that ". . . the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States."

---

considers the issue sua sponte. In <u>Sissoko</u>, the court held that its lack of jurisdiction under § 1252(g) over plaintiff's challenge to his detention extended to plaintiff's <u>Bivens</u> claim for false arrest. 509 F.3d at 949. Given that the Court herein finds that it has no jurisdiction under § 1252(g) to hear plaintiff's challenge to his detention, it seems apparent that, under <u>Sissoko</u>, the Bivens claims are also barred. However, the Court will hear oral argument from plaintiff to the contrary.

[5] In his opposition, plaintiff also alleges that he was falsely imprisoned when defendant failed to transport plaintiff back to Mexico by June 19, 2006. Opp'n at 5-6, 13-14. Plaintiff alleges that this violated the Immigration Judge's order, issued June 15, 2006, which granted plaintiff voluntary departure "on or before June 19, 2006 under safeguards." Opp'n at 5-6, 13-14. However, plaintiff does not allege these facts in his complaint, and therefore, the Court cannot consider them with regard to the instant motion. See <u>In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.</u>, 102 F.3d at 1537.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

      However, it is nevertheless established that Fed. R. Crim. P. 5(a), which requires that a "person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge," does not apply to civil deportation proceedings, where the alien is charged only with a status, rather than a criminal, offense. Id; see also United States v. Sotoj-Lopez, 603 F.2d 789, 790 (9th Cir. 1979) (holding that, in the context of civil status offenses, 8 U.S.C. § 1357(a)(2) relaxes Fed. R. Crim. P. 5(a)). Similarly, "the Speedy Trial Act is not implicated when a defendant is detained on civil charges by the Immigration and Naturalization Service." United States v. Cepeda-Luna, 989 F.2d 353, 356 (1993). In United States v. Encarnacion, 239 F.3d 395, 400 (1st Cir. 2001), cert denied 523 U.S. 1073 (2001), the First Circuit held that because defendant alien's warrantless arrest was civil, rather than criminal, the court had "little trouble" holding that his subsequent eight-day detention prior to being allowed to appear before a federal magistrate was not unlawful under 8 U.S.C. § 1357(a)(2).

      Plaintiff, in his opposition, does not contest defendant's statement that plaintiff appeared before "an officer of the Service" on May 15, 2008, when he was issued the arrest warrant and the Notice to Appear. See Opp'n at 6. While the Ninth Circuit has not addressed the issue, Encarnacion provides persuasive authority that the delay of four days before plaintiff was served with a warrant and appeared before an officer would not violate 8 U.S.C. § 1357(a)(2). See 239 F.3d at 400.

      Furthermore, plaintiff fails to state a claim with regard to his detention between May 15, 2006 and June 15, 2006. Plaintiff argues that defendant acted unreasonably in detaining him for one month, in light of the fact that plaintiff had indicated that he waived his right to appear before an Immigration Judge and had requested voluntary departure. Opp'n at 11. However, as discussed herein, voluntary departure is a discretionary form of relief, and the court has held that "there is no constitutionally protected liberty interest in the discretionary privilege of voluntary departure." Tovar-Landin, 361 F.3d at 1167.

      Moreover, plaintiff fails to state a claim for false imprisonment, because his arrest was privileged. Under the Federal Tort Claims Act, the Court applies tort law "of the place where the act or omission occurred," which in this case is California. See 28 U.S.C. § 1346. California law defines the tort of false imprisonment as "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Fermino v. Fedco, 7 Cal. 4th 701, 715 (1994). Immigration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2943 CAS (PJWx) | Date | September 15, 2008 |
|---|---|---|---|
| Title | Joaquin Valencia-Mejia v. United States of America | | |

officers have legal authority to perform warrantless arrests of aliens, if they have reason to believe the alien is subject to removal.  8 U.S.C. § 1357(a)(2).  In the instant action, plaintiff does not dispute that he was in the country illegally and that defendant had reason to arrest him.  See id.  Therefore, plaintiff was not falsely imprisoned, because defendant had "lawful privilege" to arrest him.  See Fermino, 7 Cal. 4th at 715.

## IV.    CONCLUSION

Plaintiff fails to meet his burden of showing that, notwithstanding § 1252(g), the Court has jurisdiction to hear his claims.  Furthermore, even if § 1252(g) does not divest the Court of jurisdiction over this matter, plaintiff nevertheless fails to state a claim upon which relief can be granted.  For the foregoing reasons, the Court GRANTS defendant's motion to dismiss, with leave to amend.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |